**Fill in this information to identify your case:**

| | | |
|---|---|---|
| Debtor 1 | **Andy Michael Norton** | |
| | First Name   Middle Name | Last Name |
| Debtor 2 | **Kendra Erin Norton** | |
| (Spouse, if filing) | First Name   Middle Name | Last Name |
| United States Bankruptcy Court for the: | **DISTRICT OF UTAH** | |
| Case number: | | |
| (If known) | | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113

# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

**$980.00** per **Month** for **60** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** **Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☐ Debtor(s) will retain any income tax refunds received during the plan term.

| Debtor | Andy Michael Norton<br>Kendra Erin Norton | Case number | |
|---|---|---|---|

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☑ Debtor(s) will treat income refunds as follows:
The following tax yrs. are proposed to be contributed 2022, 2023, 2024. On or before Apr 30 of each applicable yr., Debtor shall provide Trustee ("Tee") with a copy of first 2 pgs of state & federal tax returns. Any required tax refund contribution shall be paid to Tee no later than Jun 30 of yr. applicable return is filed. Debtor is authorized to retain any Earned Income Credit and/or Additional Child Tax Credit as they are excluded from disposable income analysis under 1325(b)(1) as necessary for maintenance & support. Debtor shall contribute any refund attributable to over-withholding of income tax that exceeds $1000. However, Debtor is not obligated to pay tax overpayments that were properly offset by a taxing authority. Tax refunds paid into Plan may reduce plan term to no less than the Applicable Commitment Period, but in no event shall the amount paid into Plan be less than 36 or 60 Plan Payments plus all annual tax refunds required to be paid. For 1st tax yr. contribution 2022 Tee will determine if 1325(a)(4) best interest of creditors test is satisfied and will provide Counsel a calculation of the required pot amount. If a pot to unsecured creditors is required Debtor will have 30 days from receipt of such calculation to file a motion to modify to provide for the required return to unsecured creditors or to stipulate to an order modifying the plan, which order will be prepared by Tee. Debtor must satisfy plan feasibility through either increased monthly plan payments or turnover of a lump sum contribution of the current tax refund. If a lump sum contribution is elected Tee is not required to segregate such lump sum contribution and pay it immediately to unsecured creditors, but instead shall disburse such lump sum in accordance with the Order of Distribution set forth in Local Rule 2083-2(e). If Debtor fails to file a motion to modify Tee will move to dismiss the case. Debtor shall contribute any refund attributable to over withholdings of wages that exceeds $1000.

**2.4 Additional payments.**
*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $<u>**58,800.00**</u>.

## Part 3: Treatment of Secured Claims

**3.1** **Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| The Money Source Inc | 375 East 1000 North Pleasant Grove, UT 84062 Utah County | $1,205.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | Prepetition:<br>$34,169.54 | 0.00% | $632.77 | $34,169.54 |

*Insert additional claims as needed.*

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

| Debtor | Andy Michael Norton<br>Kendra Erin Norton | Case number | |
|---|---|---|---|

☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| **American Credit Acceptance Corp** | $11,602.96 | 2012 Dodge Durango Crew 4dr SUV AWD (3.6L 6cyl 5A) | $8,114.00 | $0.00 | $11,602.96 | 7.50% | $266.40 | $13,586.17 |

*Insert additional claims as needed.*

**3.3  Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☑  **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4  Lien avoidance.**

*Check one.*

☑  **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5  Surrender of collateral.**

*Check one.*

☐  **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑  The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| Acima Digital Fka Simp | Couch Lease |
| Menlove Auto LLC | 2007 Nissan Armada |

*Insert additional claims as needed.*

| Part 4: | Treatment of Fees and Priority Claims |
|---|---|

**4.1  General**

| Debtor | **Andy Michael Norton** | Case number |
|---|---|---|
| | **Kendra Erin Norton** | |

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**5,880.00**.

**4.3  Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**3,605.00**.

**4.4  Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑ The debtor(s) estimate the total amount of other priority claims to be **$0.00**

**4.5  Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $         .
☑ **100.00**% of the total amount of these claims, an estimated payment of $**978.65**.
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately **91,772.75**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None**. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3  Other separately classified nonpriority unsecured claims.** *Check one*.

☑ **None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☐ **None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
☑ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Debtor | Andy Michael Norton Kendra Erin Norton | | | Case number | | |

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments to trustee |
|---|---|---|---|---|---|
| **Acima Credit Fka Simpl** | **Dryer** | $395.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | -- | -- | -- |
| **Markosian Auto** | **2013 Ford F-150 XL 4dr SuperCrew 4WD 6.5 ft. SB (5.0L 8cyl 6A)** | $544.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | -- | -- | -- |
| **TMobile** | **Phone Contract** | $224.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | -- | -- | -- |

*Insert additional contracts or leases as needed.*

### Part 7: Vesting of Property of the Estate

**7.1    Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☑    plan confirmation.
☐    entry of discharge.
☐    other: _____

### Part 8: Nonstandard Plan Provisions

**8.1    Check "None" or List Nonstandard Plan Provisions**
☐    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

**8.1.1 Local Rules Incorporated.** The Local Rules of Practice of the United States Bankruptcy Court for the District of Utah are incorporated by reference in the Plan.

**8.1.2 Applicable Commitment Period. <u>The applicable commitment period for the Plan is 36 months.</u>** The applicable commitment period for the Plan is 36 months for below median cases and 60 months for above median cases, as required by § 1325(b)(4). The number of months listed in Part 2.1 for which the debtor(s) will make regular payments is an estimate only; the applicable commitment period stated here dictates the term of the Plan. Any below median case may be extended as necessary not to exceed 60 months to complete the Plan payments.

**8.1.3 Adequate Protection Payments.** Adequate protection payments, if any, are set forth in an attached Notice for Adequate Protection Payments (Local Form 2083-1-C). Affected creditors are listed below, and their claims are listed in Parts 3.2 and 3.3. Affected creditors should refer to the Notice for Adequate Protection Payments for detail concerning the amount and duration of Adequate Protection Payments. **Affected creditors: <u>American Credit Acceptance Corp.</u>**

**8.1.4 Lien Avoidance Under § 522(f).** If lien avoidance is sought under § 522(f) (see Part 3.4), the affected creditor(s) shall retain its lien until the earlier of (1) payment of the underlying debt determined under nonbankruptcy law, (2) discharge of the underlying debt under § 1328 or completion on the Plan, at which time the lien will terminate and be released by the creditor, or (3) entry of an order granting a separate motion filed by the debtor(s) seeking release of the lien for cause under § 349(b). For each creditor listed in Part 3.4, a completed Lien Avoidance Worksheet (Local Form 2083-2) is attached, specifically identifying the holders and amounts of liens senior to the lien(s) intended to be avoided.

| Debtor | **Andy Michael Norton** | Case number | |
|---|---|---|---|
| | **Kendra Erin Norton** | | |

**8.1.5 Attorney Fees.** Part 4.3's statement regarding attorney fees reflects the estimated unpaid balance of the bankruptcy court's presumptive fee. The Debtor(s) attorney may request additional fees by complying with the notice and hearing requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**Part 9:   Signature(s):**

9.1    Signatures of Debtor(s) and Debtor(s)' Attorney

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

| X | **/s/ Andy Michael Norton** | X | **/s/ Kendra Erin Norton** |
|---|---|---|---|
| | **Andy Michael Norton** | | **Kendra Erin Norton** |
| | Signature of Debtor 1 | | Signature of Debtor 2 |
| | Executed on  **January 13, 2023** | | Executed on  **January 13, 2023** |
| X | **/s/ Andrew T. Curtis** | Date | **January 13, 2023** |
| | **Andrew T. Curtis** | | |
| | Signature of Attorney for Debtor(s) | | |

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

Debtor **Andy Michael Norton**  
**Kendra Erin Norton**                                   Case number

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $34,169.54 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $13,586.17 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $0.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $9,485.00 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $978.65 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* + | $0.00 |
| | **Total of lines a through j** | $58,219.36 |

Andrew T Curtis, Bar No. 13681
Lincoln Law Center, LLC
921 West Center St.
Orem, UT 84057
Phone: (801) 471-2426
Facsimile: (800) 584-6826
help@lincolnlaw.com
Attorney for
Kendra Erin Norton and
Andy Michael Norton

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

| In Re: | Case No: |
|---|---|
| KENDRA ERIN NORTON AND | Chapter 13 |
| ANDY MICHAEL NORTON | Judge: |
| Debtors. | NOTICE OF ADEQUATE PROTECTION PAYMENTS UNDER 11 U.S.C. § 1326(A) AND OPPORTUNITY TO OBJECT |

Kendra and Andy Norton (the "Debtors"), state as follows:

1. On January 13th, 2023, the Debtors filed a Chapter 13 petition for relief.

2. The Debtors propose to make Adequate Protection Payments, pursuant to § 1326(a)(1)(c) accruing with the initial plan payment which is due no later than the originally scheduled meeting of creditors under § 341 and continuing to accrue on the first day of each month thereafter, to the holders of the allowed secured claims in the amounts specified below:

| Secured Creditor | Description of Collateral | Monthly Adequate Protection Payment Amount | No. of Months to Pay Adequate Protection |
|---|---|---|---|
| American Credit Acceptance Corp | 2012 Dodge Durango Crew 4dr SUV AWD (3.6L 6cyl 5A) | $117.00 | 9 |

3. The monthly plan payments proposed by the Debtors shall include the amount necessary to pay all Adequate Protection Payments and the amount necessary to pay the Trustee's attorney fee.

4. Upon completion of the Adequate Protection Payment period designated herein for each

listed secured creditor, the Equal Monthly Plan Payment identified in each Part of the Plan shall be the monthly payment and shall accrue on the first day of each month.

5. This Notice shall govern Adequate Protection Payments to each listed secured creditor unless subsequent Notice is filed by Debtors or otherwise ordered by the Court.

6. Objections, if any, to the proposed Adequate Protection Payments shall be filed as objections to confirmation of the Plan. Objections must be filed and served no later than 7 days before the date set for the hearing on confirmation of the Plan.

Dated: January 13, 2023                                         /s/ Andrew T Curtis
                                                                 Attorney & Counselor at Law